IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORRIE ADAMS, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. |
| BRINKERHOFF INSPECTION, INC. d/b/a SMOB | § § § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## PLAINTIFF COLLECTIVE ACTION COMPLAINT

Now come Jorrie Adams ("Plaintiff"), individually and on behalf of all others similarly situated, and complain against Brinkerhoff Inspection, Inc. d/b/a Smob ("Defendant") and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff brings an individual and collective action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*. and New Mexico Minimum Wage Act ("NMMWA").

2. Plaintiff seeks declaratory relief, back pay and liquidated damages, attorney's fees, and taxable costs of court, pursuant to 29 U.S.C. §216(b), for Defendant's willful failure to pay overtime to Plaintiff, in the course of their employment with the Defendant.

3. In the event that the Court does not certify this case as a collective action, the Plaintiff will pursue all claims individually.

1

## II.
## JURISDICTION AND VENUE

4. Plaintiff's claims arise under Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state claim under the New Mexico Minimum Wage Act ("NMMWA"). Like his FLSA claims, Plaintiff must show that he was not paid overtime pay for all hours worked. As such, the claims arise "from a common nucleus of operative fact." *See United Mine Works of Am. V. Gibb*s, 383 U.S. 715, 725 (1966).

6. Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Western District of Texas.

## III.
## PARTIES

7. Plaintiff currently resides in Cedar Creek, Texas.

8. Defendant is a foreign corporation that does business in the State of Texas and is registered with the Texas Secretary of State.

9. Defendant may be served through its Registered Agent, Bront Bird at 2509 North County Road 1287, Midland, Texas 79707 or wherever he may be found.

## IV.
## COVERAGE OF THE FLSA

10. At all material times, Defendant has been an employer within the meaning of the FLSA.

12. At all material times, Defendant has operated an enterprise within the

meaning of the FLSA.

13. At all material times, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

14. At all material times, Plaintiff and Class Members were individual employees who were engaged in commerce as required by the FLSA.

## V.
## INDIVIDUAL & CLASS ALLEGATIONS

15. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*. and New Mexico Minimum Wage Act ("NMMWA").

16. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

17. Defendant specializes in coil tubing completion technology.

18. Plaintiff and Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training.

19. The manual labor duties performed by Plaintiff and Class Members were non-exempt work.

20. Plaintiff worked for Defendant between 2015 and 2016 as a pipe inspector.

21. Pipe inspectors have job duties that are manual in nature.

22. Plaintiff and Class Members' job would entail taking the caps off both ends of the drill pipe, tally them, drift them, wash them, and then throw away or collect the caps depending on what the drill site manager instructed them to do.

23. Drifting the pipes involved shoving a twenty to ninety-three pound length of metal in the middle of the pipe. This would remove debris from inside the pipe, and show if there is a hole or air vent in the pipe.

24. Pipe Inspectors make sure that the pipes are in usable, serviceable condition. They make sure there are no cracks or inconsistencies in the pipes. If there are problems with the tubing, Pipe Inspectors can weld, reface and repair the pipe to return it to good working condition.

25. Plaintiff and Class Members work in New Mexico on a regular basis. Plaintiff and Class Members were on call twenty-four hours a day, seven days a week. They worked seven days a week for weeks at a time.

# VI.
## INDIVIDUAL CLAIM FOR VIOLATION UNDER THE FLSA BETWEEN FEBRUARY 2014 AND OCTOBER 2015

26. Plaintiff worked at least 10-12 hours a day and regularly worked over forty hours a week.

27. Plaintiff did not clock in and out until around October 2015.

28. Defendant did not keep records of Plaintiff's time between February 2014 and October 2015.

29. A previous lawsuit, *Gilbert Acosta, et al. vs. Smob, LLC d/b/a SMOB Services and Brinkerhoff Inspections, Inc.,* Civil No. 5:15-cv-845-OLG, in the United States

4

District Court of Western District of Texas, San Antonio Division, was filed against Defendant for unpaid overtime which was resolved and closed on January 13, 2017.

30. Plaintiff was not a party to the previous lawsuit and was not part of the settlement agreement.

## VII.
## INDIVIDUAL CLAIM FOR OVERTIME VIOLATION UNDER THE NEW MEXICO MINIMUM WAGE ACT

31. By failing to pay Plaintiff overtime for off the clock work performed in excess of 40 hours a week, Defendant violated the NMMWA.

32. Defendant owes Plaintiff wages equal to 1 and ½ his regular rates for each overtime hour worked during the last three years.

33. Defendant knew, or showed reckless disregard for whether, its failure to pay overtime violated the NMMWA.

34. Defendant's failure to pay overtime to Plaintiff is willful.

35. Defendant owes Plaintiff an amount equal to all unpaid overtime wages as well as liquidated damages.

36. Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## VIII.
## CLASS ACTION CLAIM UNDER THE NMMWA FOR OFF THE CLOCK WORK BEGINNING OCTOBER 2015 UNDER THE NEW MEXICO MINIMUM WAGE ACT

37. By failing to pay Plaintiff and Class Members for the travel time between the job site and the shop and the post-trip work, Defendant violated the NMMWA.

38. Defendant owes Class Members wages equal to the minimum wage and overtime under the NMMWA for the off the clock work starting October 2015.

39. Due to the knowledge gained in the previous FLSA and NMMWA lawsuit, Defendant knew, or showed reckless disregard for whether, its failure to pay minimum wage and overtime violated the NMMWA.

40. Defendant's failure to pay overtime to Class Members is willful.

41. Defendant owes Class Members an amount equal to all unpaid minimum wage for the off the clock work and the resulting overtime wages as well as liquidated damages.

42. Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

43. Wage claims made under the NMMWA is subject to Rule 23 of the Federal Rules of Civil Procedure.

## IX.
## INDIVIDUAL CLAIM FOR OFF THE CLOCK WORK BEGINNING OCTOBER 2015

44. Defendant began records of the hours worked by its employees around October 2015.

45. Defendant implemented a policy in which Plaintiff, and Pipe Inspectors, were required to text through a phone application Defendant or their supervisors when they were leaving from the last jobsite.

46. Upon receiving the text through a phone application, Defendant immediately clocked out the Plaintiff and the Pipe Inspectors.

47. Plaintiff was not paid for the time he spent travelling back to the shop from the last jobsite at the end of the day.

48. Plaintiff was clocked out during the time he was driving back to the shop from the last jobsite.

49. Plaintiff was required to perform post trip duties back at the shop.

50. Plaintiff was clocked out during the time he performed post trip duties back at the shop.

51. Plaintiff was not compensated for all post-trip work he performed.

52. Plaintiff regularly worked in excess of 40 hours a week.

53. As a result of being clocked out, Plaintiff did not receive overtime compensation, or any compensation, for off the clock work.

54. Plaintiff was compensated by the hour beginning October 2015.

55. Time spent by an employee in travel as part of their principal activity, such as travel from job site to job site during the workday, is work time and must be counted as hours worked. 29 C.F.R. 785.33-785.41.

56. Defendant willfully, intentionally, or with reckless disregard, violated the FLSA.

## X.
## COLLECTIVE ACTION CLAIM FOR OFF THE CLOCK WORK BEGINNING OCTOBER 2015

57. Plaintiff incorporates all previous paragraphs and alleges that Class Members were subject to Defendant's illegal pay policy.

58. Defendant implemented a policy in which Plaintiff, and Pipe Inspectors, were required to text through a phone application Defendant or their supervisors when they were leaving from the last jobsite.

59. Upon receiving the text through the phone application, Class Members, Pipe Inspectors, were all clocked out.

60. Class Members, Pipe Inspectors, were all clocked out at the last jobsite and were not paid for the time they travelled back the shop.

61. Class Members, Pipe Inspectors, were all clocked out when the performed post-trip duties.

62. Class Members, Pipe Inspectors, were not compensated for the time they travelled from the last jobsite to the shop.

63. Class Members, Pipe Inspectors, were not compensated for all post-trip duties.

64. Class Members, Pipe Inspectors, are all paid at an hourly rate.

65. Class Members, Pipe Inspectors, were not paid overtime for the off the clock work they performed in excess of forty hours a week.

66. Defendant's failure to pay wages and overtime compensation for work performed off the clock at the rates required by federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Class Members.

67. Class Members, Pipe Inspectors, were all subject to Defendant's policy and illegal payroll practices.

68. The class of similarly situated employees ("Class Members") consists of:

**All PIPE INSPECTORS EMPLOYED BY SMOB IN SINCE OCTOBER 2015 WHO (1) worked off the clock; and/or (2) were compensated on any basis where they were not properly paid at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per workweek**

## XI.
## JURY DEMAND

69. Plaintiff demands a jury trial.

## XII.
## PRAYER

WHEREFORE, the Plaintiff request that this Court award them judgment against Defendant for the following relief:

    a.    A declaration that Defendant has violated the Fair Labor Standards Act and the New Mexico Minimum Wage Act for failing to pay Plaintiff for all hours in excess of forty (40) worked during each seven-day work period;

    b.    A declaration that Defendant has violated the Fair Labor Standards Act for failing and to pay Plaintiff and the Class Members overtime pay for work performed off the clock;

    c.    Damages for the full amount of their unpaid compensation;

    d.    Damages for the full amount of their unpaid overtime compensation

    e.    An equal amount as liquidated damages; and

    f.    Reasonable attorney's fees, costs, and expenses of this action.

Respectfully submitted,

TRAN LAW FIRM

/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 South Gessner Road, Suite 104
Houston, Texas 77063
Tel: (713) 223 – 8855
Fax: (713) 623 – 6399
ttran@tranlawllp.com

**ATTORNEYS FOR PLAINTIFF**