# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JORRIE ADAMS, Individually and on behalf of all others similar situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>BRINKERHOFF INSPECTION, INC. d/b/a SMOB,<br><br>*Defendant*. | Civil Action No. SA-17-CV-103-XR |

## ORDER

On this date, the Court considered Plaintiff's Motion for Substitute Service of Process (Docket no. 4).[1] Having considered the motion and the applicable law, Plaintiff's motion is GRANTED.

## BACKGROUND

On February 13, 2017, Plaintiff Jorrie Adams filed a complaint against Defendant Brinkerhoff Inspection, Inc., bringing individual and collective claims to recover unpaid overtime wages under the Fair Labor Standards Act and the New Mexico Minimum Wage Act. Docket no. 1 at 1. Summons was issued as to Defendant that day. Docket no. 2. After filing, Plaintiff retained a private process-service company to serve Defendant. *Id.* After ninety days from the date of filing, there was no indication that Defendant had been properly served. Docket no. 3 at 2. On May 16, 2017, the Court ordered Plaintiff to show cause as to why the case should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve

---

[1] The Court treats this motion as a Motion for Extension of Time to Serve Defendant, as well as a Motion for Substitute Service, even though it only explicitly asks for substitute service.

Defendant. Docket no. 3 at 1. In response, on May 19, 2017, Plaintiff filed a Motion for Substitute Service of Process. Docket no. 4.

Attached to Plaintiff's Motion for Substitute Service of Process is an affidavit from Plaintiff's process server, Randall A. Shafer. Docket no. 4-1. Shafer states that he attempted to serve process on Defendant's registered agent, Bront Bird, on three different occasions. *Id.* The affidavit declares that on March 22, 2017, Shafer first attempted to serve Bird at two Midland addresses (one of which is Defendant's registered address—2509 N. County Road 1287, Midland, Texas 79705). *Id.*; Docket no. 4 at 1. Shafer was informed that Bird was not present and was rarely at either of those locations. Docket no. 4-1. He then left his phone number with the receptionist at one location. *Id.* The next day, Shafer made another attempt to serve Defendant but was informed that Bird "had [his] phone number but was not present." *Id.* On March 30, 2017, Shafer made a third attempt, to no avail. *Id.*

## DISCUSSION

### I. Extension of Time to Serve Defendant

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Under Rule 4(m), the serving party bears the burden of showing good cause. *Id.* If the party can show good cause, a court must grant an appropriate extension; however, a court may exercise its discretion to allow an extension even if no good cause is shown. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). To show good cause, a litigant must demonstrate "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or

2

mistake of counsel usually does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1990) (emphasis original). Additionally, there usually must be "some showing of good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified." *Id*. (emphasis original) (internal quotes omitted).

Plaintiff has demonstrated good cause for the failure to effectuate proper service within 90 days of filing the complaint. Shafer's affidavit shows a good faith effort by Plaintiff to serve Defendant and indicates that Defendant may be trying to evade service. Shafer's numerous attempts to personally serve Bird demonstrate good cause for Plaintiff's failure to properly serve process within the time allotted by Rule 4(m). For these reasons, Plaintiff's Motion for Extension of Time to Serve Defendant is GRANTED. Plaintiff is given until **June 24, 2017** to serve Defendants or to show cause as to why additional time is needed.

## II. Substitute Service

Plaintiff also seeks the Court's authorization to serve process on Defendant through substituted service by leaving the complaint and summons "with any individual appearing to be over the age of 18 years who is present at 2509 N. County Rd. 1287, Midland, Texas 79705, OR by posting same on front entrance at that address." Docket no. 4 at 2.

Since Defendant is a corporation, it may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual. " FED. R. CIV. P. 4(h)(1)(A). Rule 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(e)(1).

3

Rule 106(a) of the Texas Rules of Civil Procedure provides that a party must either be personally served, or served by certified mail. TEX. R. CIV. P. 106(a). However, Rule 106(b) provides that:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> > (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
> >
> > (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b).

Plaintiff's Motion for Substitute Service is supported by Shafer's affidavit, which provides two different addresses at which Bird, Defendant's registered agent, may ostensibly be found. Docket no. 4-1. One of these is Defendant's registered address. Docket no 4 at 1. Schafer's affidavit recounts specific facts showing that numerous unsuccessful attempts were made to serve process on Bird in a manner prescribed by Rule 106(a) of the Texas Rules of Civil Procedure. Thus, the Court is authorized under Rule 106(b) to allow substituted service on Defendant.

Texas law provides that when personal service is dispensed with, "the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done." *Forney v. Jorrie*, 511 S.W.2d 379, 384 (Tex. Civ. App.—1974, writ. ref'd n.r.e.). Shafer's affidavit hints that Bird may well be aware of the attempts to serve him. If he is not yet aware, the affidavit suggests that Bird, and therefore Defendant, could be put on notice of these proceedings if process is served on a competent individual over the age of 18 at 2509 North County Road 1287, Midland, Texas, as provided by Rule 106(b)(1). Such a mode of service is

4

likely to reach Defendant and is reasonable under the circumstances because Shafer has previously attempted service at this address and has had contact with a receptionist (who has knowledge of Bird's whereabouts). The Court will thus allow service to be made on Defendant in this manner.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Substitute Service is GRANTED. Plaintiff may serve Defendant by leaving a copy of the summons and complaint with a competent individual over the age of 18 at 2509 North County Road 1287, Midland, Texas 79705. The deadline for Plaintiff to serve Defendant or show cause why additional time is needed is **June 24, 2017**.

It is so ORDERED.

SIGNED this 24th day of May, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE