UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JORRIE ADAMS, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) |
| v. | )   Civil Action No: SA-17-CV-103-XR |
| | ) |
| BRINKERHOFF INSPECTION, INC., | ) |
| | ) |
|    *Defendant*. | ) |

## ORDER

On this date, the Court considered the parties' Joint Motion to Approve Confidential Settlement and Stipulation of Dismissal with Prejudice. Docket no. 30.

## BACKGROUND

Plaintiff filed this lawsuit against Defendant, seeking unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 207, 226 ("FLSA"). Plaintiff, who worked as a pipe inspector, alleges that he regularly worked in excess of forty hours per week, but was not paid for that overtime. Docket no. 1. Defendant answered, denying these allegations and raising numerous affirmative defenses. Docket no. 9. On November 3, 2017, the parties filed a Joint Motion to Approve Confidential Settlement and Stipulation of Dismissal with Prejudice, Docket no. 30, and submitted the confidential settlement agreement to the Court for *in camera* review.

## ANALYSIS

**A. FLSA Provisions**

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between

employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement, however, requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)); *see also Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163–64 (5th Cir. 2015). Because the parties here have requested court approval of their settlement, the Court will analyze the settlement.

### B. Bona Fide Dispute

The primary issue in this litigation is whether Plaintiff was properly paid and/or is owed additional overtime compensation. Defendant denies all liability. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. 29 U.S.C. § 207(a)(1). The decision whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330–31 (5th Cir. 2000). The Court concludes that there is a bona fide dispute over the FLSA's coverage in this case.

### C. Fair and Reasonable Resolution

The Court has reviewed the terms of the confidential settlement agreement and concludes that the settlement is fair and reasonable.

## CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. The Joint Motion to Approve Confidential Settlement and Stipulation of Dismissal with Prejudice (Docket no. 30) is GRANTED, the settlement is APPROVED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. This case is CLOSED, with each party bearing its own costs.

It is so ORDERED.

SIGNED this 9th day of November, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE